**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION**

_____

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) |
| | ) |
| | ) |
| **PLAINTIFF** | ) **Criminal Action No. 1:16cr-00037-JHM** |
| **v.** | ) **JUDGE JOSEPH H. MCKINLEY, JR.** |
| | ) |
| **MICHAEL T. BARRICK** | ) |
| **ROGER D. HAGAN** | ) |
| **GARRY HAMMER** | ) |
| **LORRI HUGHES** | ) |
| | ) |
| **DEFENDANTS** | ) |
| | ) |

_____

## <u>ORDER</u>

This case was called in open court on December 19, 2018, for the purpose of conducting further proceedings.  The Defendant Michael Barrick was present, appearing *pro se*; Defendant Roger Hagan was present and represented by Federal Defender Scott T. Wendelsdorf; Defendant Garry Hammer was present and represented by retained counsel Scott C. Cox; and, CJA Panel Attorney Dennis Keith Wilcutt was present on behalf of Defendant Lorri Hughes.  Following discussions between counsel and the Court;

**IT IS HEREBY ORDERED** as follows:

1.  Defendant Barrick shall have retained counsel enter an appearance in this case **no later than February 8, 2019**.

2.  **No later than February 28, 2019**, Defendant Barrick shall produce all tape recordings he may wish to use at trial and has not yet been produced in their entirety.

3.  **No later than February 28, 2019**, Defendant Barrick shall file the Rule 12.3 notice as described in Judge McKinley's Order entered at DN 80.  The Government

shall file any objections to the Defendant's use of the public authority defense **on or before March 13, 2019**.  Defendant Barrick may respond to the Government's objections **on or before March 22, 2019.**

4.     This matter is reassigned for **trial by jury at Bowling Green, Kentucky, on May 14, 2019, at 9:00 a.m. CDT,** before the Honorable Joseph H. McKinley, Jr., United States District Judge.  Counsel shall be in Court thirty minutes before trial.  The expected length of trial is five days.

5.     **Any motion for additional discovery or inspection** shall be made **on or before February 28, 2019,** after compliance by the parties with F.R.Cr.P. 16.  Any such motion shall contain a certification from counsel that informal, extrajudicial efforts to resolve the discovery dispute have taken place and been unsuccessful.

(1)     Jencks Act material.  Jencks Act material pursuant to 18 U.S.C. § 3500 is not required to be furnished to the Defendant by the United States prior to trial.

(2)     Brady (Giglio) material.  The government shall disclose any Brady material of which it has knowledge in the following manner:

(a)     pretrial disclosure of any Brady material discoverable under Rule 16(a)(1);

(b)     disclosure of all other Brady material in time for effective use at trial.

If the government has knowledge of Brady rule evidence and is unsure as to the nature of the evidence and the proper time for disclosure, then it may request an in camera hearing for the purpose of resolving this issue; failure to disclose Brady material at a time when it can be effectively used at trial may result in a recess or a continuance so that the Defendant may properly utilize such evidence.

(3)     Rule 404(b) evidence.  Upon service of a request from the Defendant for notice of Rule 404(b) evidence of other crimes, wrongs, or acts, the United States shall provide notice **within fourteen (14) days of trial** of the general nature of any such evidence it intends to introduce at trial unless the Court excuses pretrial notice upon motion by the United States showing good cause.

6.    If required to be disclosed pursuant to F.R.Cr.P. 16(a)(1)(G) or F.R.Cr.P. 16(b)(1)(C), **any expert testimony** the United States or Defendant intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief, including a summary of the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications, shall be disclosed **on or before March 8, 2019.**

**7.**    Any expert testimony either the United States or Defendant intends to use to rebut an expert under Rules 702, 703, or 705 of the Federal Rules of Evidence, shall be disclosed **on or before March 22, 2019.**

The parties are reminded of the continuing duty under F.R.Cr.P. 16(c) to disclose additional discoverable evidence or material previously requested or ordered.

8.    **No later than April 26, 2019**, the parties shall file a trial memorandum containing the following:

A.    The statute(s) involved and elements of the offense.  (With discussion of authorities, if disputed.)

B.    A statement of undisputed and disputed facts.

C.    A separate statement of each unresolved substantive issue of law, with discussion and citations to authorities.

D.    A statement of evidentiary issues which it is reasonably believed will be raised at trial together with citations to the appropriate Federal Rules of Evidence and authorities in support of the position taken.

E.    A statement of any known or reasonably anticipated potential trial problems, or other issues which may assist the Court in trying the case.

F.    Proposed substantive and special jury instructions with citations to authorities.  It is not necessary to submit standard general instructions.  Additional requests at trial are to be kept to a minimum.

G.     Proposed voir dire questions.

H.     Counsel shall file an exhibit list and premark for identification purposes all exhibits intended to be used at trial.  Counsel shall file a stipulation as to the authenticity of the exhibits.  Any objections to the authenticity of the exhibits shall be heard prior to trial at a time and place to be set by the Court.

I.     The United States shall submit, for the Court's in camera review, a proposed witness list with a brief summary of the expected testimony of each witness and an estimate as to the amount of time that will be required to present the testimony in chief of each such witness.

J.     At the commencement of trial, the United States shall furnish the official court reporter a list of premarked exhibits intended to be used at trial.

K.     The United States shall retain possession of physical exhibits (i.e., They weapons, ammunition, drugs, etc.) during and after the trial, pending further orders of the Court.

9.     The Court sets interim subpoena production dates of **March 15, 2019, and April 12, 2019.**

10.     **Any motions in limine** shall be filed **on or before April 3, 2019. Responses** shall be filed **on or before April 12, 2019.**  There shall be **no replies**.

11.     All motions, responses and replies made pursuant to this Order shall be accompanied by a memorandum and shall conform with and are subject to the requirements and time limitations contained in LCrR12.1, except as otherwise provided herein.

12.     This matter is set for a **final pretrial conference** on **May 6, 2019**, at **11:00 a.m. EDT**, U.S. Courthouse, **LOUISVILLE**, Kentucky.

ENTERED this

Copies to:     Counsel of Record
               US Probation
               Erica Skinner, Case Manager
               Jessica Mercer, Jury Administrator